**FILED**
**Sep 25, 2024**
**01:24 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Olman Oyuela Sandoval,** | ) | **Docket No. 2023-06-5436** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Employbridge/Select Staffing,** | ) | **State File No. 20854-2023** |
| **Employer,** | ) | |
| **And** | ) | |
| **XL Insurance America, Inc.,** | ) | **Judge Joshua Davis Baker** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER

The Court held an expedited hearing on September 18, 2024, on Mr. Oyuela Sandoval's request for additional medical and temporary disability benefits for a low-back injury. Specifically, he wanted to return to the authorized physician for further evaluation or treatment and payment of out-of-pockets medical expenses. For the reasons below, the Court holds that Mr. Oyuela Sandoval may return to Dr. Christopher Kauffman for any reasonable, necessary, and work-related treatment. His requests for all other benefits are denied at this time.

## Claim History

Mr. Oyuela Sandoval injured his back on March 10, 2023, while lifting a heavy computer server. He testified that he treated at an emergency room but introduced no records.[1] Employbridge offered a panel, and Mr. Oyuela Sandoval chose a walk-in clinic. He disputed that he made that selection but acknowledge that he signed the panel.

Mr. Oyuela Sandoval did not treat at the clinic immediately. Rather, the first treatment notes are dated April 22 from Dr. Peter Sears, whom Mr. Oyuela Sandoval saw

---

[1] Mr. Oyuela Sandoval said a bill for transport by ambulance to the emergency room has not been paid. Employbridge's counsel reviewed and acknowledged the bill. Counsel thought it had been paid but was not certain. He agreed to contact his client to ensure that the balance has been satisfied or that it is immediately paid in full along with any late fees that might have accrued.

on his own. He testified that he went to Dr. Sears because workers' compensation was not treating him at that time.

Dr. Sears diagnosed chronic pain and lumbago with sciatica on both the right and left. He ordered x-rays, which showed mild degenerative changes in the lumbar spine and grade 1 anterolistheis of L5 on S1 with bilateral spondylolysis.

Three days later, Mr. Oyuela Sandoval saw Dr. Michael Nelson, his primary care doctor, who gave a diagnosis similar to Dr. Sears's. Dr. Nelson prescribed medications and referred him to an orthopedic spine specialist.

The first authorized treatment records are dated May 23 from the clinic on the panel. A physician there diagnosed low-back pain but released Mr. Oyuela Sandoval to full-duty work.

Employbridge also offered a panel of orthopedists in early May that included Dr. Kauffman. Mr. Oyuela Sandoval did not sign and return the panel, but he saw Dr. Kauffman on July 24. The only note from this visit is a form containing lifting restrictions.[2]

Mr. Oyuela Sandoval testified he received a card to pay for medications Dr. Kauffman prescribed but it did not work so he paid for the medications with private insurance. He offered no documentary proof supporting this assertion.

Mr. Oyuela Sandoval saw Dr. Kauffman again on August 21. The doctor wrote:

> The patient's work-related condition is lumbar strain. I went over . . . the MRI once again with the patient. Patient has degenerative changes[,] which are not work related. . . . [T]here is no further treatment recommended at this point. The patient may return to full duty without restrictions 8/21/2023. The date of maximal [sic] medical improvement for the patient's work-related condition is 8/21/2023. . . . Patient will return to the office as needed.

Dr. Kauffman completed a final medical report assigning 0% impairment and writing that he anticipated no future medical treatment.

Mr. Oyuela Sandoval went back to Dr. Kauffman in October. Notes from that visit state:

> [W]e have gone over the x-rays, other imaging studies, and spine models together. We have discussed treatment options including but not limited to

---

[2] Mr. Oyuela Sandoval said that Dr. Kauffman also ordered physical therapy at this visit, but he did not offer a referral form into evidence.

medications, activity modification, physical therapy, injections and currently [I] do not recommend surgery. . . . Discussed with patient he has degenerative disc disease L4-5 L5-S1. Minimal anterolisthesis L5-S1 without significant radiculopathy.

Dr. Kauffman recommended he see his primary care doctor for a pain management referral if that physician felt it was appropriate. Dr. Kauffman again wrote that Mr. Oyuela Sandoval may return "as needed."

So, Mr. Oyuela Sandoval returned to Dr. Nelson in November, who diagnosed: "1. Other intervertebral disc degeneration, lumbosacral region 2. Spondylolisthesis, lumbosacral region 3. Vertebrogenic low back pain." He prescribed medications and referred Mr. Oyuela Sandoval to a pain medicine specialist.

Mr. Oyuela Sandoval saw a nurse practitioner affiliated with Dr. Nelson in February 2024, who wrote the same diagnosis and noted a pending appointment with a pain clinic. She gave him an injection at that visit and two more injections at visits in May and October.

Between visits to the nurse practitioner, Mr. Oyuela Sandoval saw Dr. Nelson and was again diagnosed with spondylolisthesis in his low back. Dr. Nelson noted, "Patient was reminded that [this clinic] does not participate in Workmans [sic] Comp."

Most recently, he saw chiropractor Dr. Mitchell McGuire, who placed him on work restrictions. However, Mr. Oyuela Sandoval did not offer complete notes from that visit.

At the hearing, Mr. Oyuela Sandoval testified that he still has back pain but returned to work in May 2023 earning the same hourly wage. He now works at the apartment complex where he lives, doing light maintenance work on the property.

**Findings of Fact and Conclusions of Law**

At an expedited hearing, Mr. Oyuela Sandoval must show that he would likely prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2023).

The parties agreed that Mr. Oyuela Sandoval sustained compensable injuries to his low back and received authorized treatment. The Appeals Board has held that "unless a court terminates an employee's entitlement to medical benefits or approves a settlement in which the parties reach a compromise on the issue of future medical benefits, an injured worker remains entitled to reasonable and necessary medical treatment causally related to the work injury." *Limberakis v. Pro-Tech Sec., Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *7 (Sept. 12, 2017).

Here, Employbridge contended that Mr. Oyuela Sandoval is not entitled to any additional treatment because Dr. Kauffman wrote on the final medical report that he does not anticipate the need for additional treatment. Its counsel clarified at trial that if any treatment were work-related, it would be authorized. Although Dr. Kauffman placed Mr. Oyuela Sandoval at maximum medical improvement, his records do not state that he refused to see him again, and he has not seen Mr. Oyuela Sandoval for nearly a year.

Mr. Oyuela Sandoval testified he still has back pain. Tennessee law has long held that medical proof is not to be "read and evaluated in a vacuum," but instead "must be considered in conjunction with the lay testimony of the employee as to how the injury occurred and the employee's subsequent condition." *Thomas v. Aetna Life and Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991). Mr. Oyuela Sandoval gave "competent testimony that is not to be disregarded." *Limberakis,* 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *6. Based on his testimony combined with the medical proof, the Court finds Mr. Oyuela Sandoval presented sufficient evidence to show he is likely to prevail at trial in showing his entitlement to return to Dr. Kauffman for evaluation and treatment of his back.

As to Mr. Oyuela Sandoval's request for a new panel of orthopedists, or that Dr. Nelson be designated the authorized treating physician, he gave no legal basis. The Court denies this request.

The Court also cannot order Employbridge to reimburse Mr. Oyuela Sandoval for any copays he made for unauthorized treatment. The Appeals Board has held that medical expenses for unauthorized care cannot be reimbursed unless it is shown that they "were incurred as a result of [a] compensable work injury or that the expenses were reasonable and necessary." *Mollica v. EHHI Holdings, Inc.,* 2020 TN Wrk. Comp. App. Bd. LEXIS 22, at *7 (Apr. 21, 2020). He offered no proof of the amounts he paid or that the care he received was reasonable, necessary, or causally related to the injury.

Mr. Oyuela Sandoval also contended that medications prescribed by Dr. Kauffman were not covered under workers' compensation and that he used his private insurance to pay for them. While section 50-6-204(a)(1)(A) requires an employer to furnish treatment, including medications, Mr. Oyuela Sandoval offered no admissible proof of the amounts he paid.

Finally, Mr. Oyuela Sandoval requested temporary disability benefits.[3] To receive those, he must prove (1) he became disabled from working due to a compensable injury; (2) a causal connection between his injury and his inability to work; and (3) his period of

---

[3] Employbridge argued that this issue was not properly before the Court because Mr. Oyuela Sandoval did not specifically request temporary disability benefits in his affidavit supporting the hearing request. However, the dispute certification notice lists temporary disability benefit as an issue, so it is appropriate for adjudication.

disability.  *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7-8 (Dec. 11, 2015).

Mr. Oyuela Sandoval received temporary disability benefits through May 2023 and then returned to work earning the same hourly wage.  He did not say when his employment with Employbridge ended—only that he now works for another employer.[4]  He also offered no proof an authorized physician restricted him from work.

Thus, Mr. Oyuela Sandoval is unlikely to prevail on his claim for additional temporary disability benefits at trial.

**IT IS, THEREFORE, ORDERED** as follows:

1. Employbridge shall provide additional reasonable, necessary, and work-related treatment for Mr. Oyuela Sandoval's back with Dr. Kaufman.  Employbridge is not responsible for any other medical benefits at this time.

2. Mr. Oyuela Sandoval's request for additional temporary disability benefits is denied at this time.

3. The Court sets a status hearing on Monday, **January 27, 2025, at 9:30 a.m. Central Time.**  The parties must call 615-532-9552 or 866-943-0025 to participate.

4. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3).  The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order.  Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance.  For questions regarding compliance, contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED September  25 , 2024.**

_____
**JUDGE JOSHUA DAVIS BAKER, by Interchange**
**Court of Workers' Compensation Claims**

---

[4] Mr. Oyuela Sandoval requested compensation for money lost in the cancelation of an employment contract.  This Court has no authority over that contractual dispute.

## Appendix

Exhibits

1. C-32 Employee's Choice of Physicians-American Family Care
2. C-32 Employee's Choice of Physicians-orthopedic panel[5]
3. Employee's Declaration
4. Employer's submission of medical records: American Family Care, Dr. Kauffman
5. Employer's supplemental submission of medical records-Dr. Kauffman, Sanitas
6. Employee's collective medical records for expedited hearing
7. Wage statement
8. Employer's First Requests for Admission, Second Set of Interrogatories, and Second Request for Production of Documents (in English)
9. Primeras Solicitudes de Admisiones, Segunda Serie de Interrogarios, y Segunda Solicitud de Prestación de Documentos (not translated to English)[6]

---

[5] Mr. Sandoval objected to the admissibility of the document, stating that he did not sign it and did not understand its content because he speaks Spanish. But he acknowledged receiving the document and undergoing treatment with a physician on the panel. Because he authenticated the document, the Court overruled the objection.

[6] Mr. Sandoval objected to the admissibility of Exhibits 8 and 9, and the Court took the objection under advisement and marked both for identification only. The Court now admits both documents into evidence.

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on September  25 , 2024.

| Name | Certified Mail | Regular mail | Email | Sent to |
|---|---|---|---|---|
| Olman OyuelaSandoval, Employee | | X | X | sg6358715@gmail.com 488 Whispering Oaks Pl. Nashville TN  37211 |
| Ryan Edens, Employer's attorney | | | X | rcedens@mijs.com jdhaynes@mijs.com |

_____

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

7



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*